# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNION BANK N.A., | ) | 1:12cv0519 LJO DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) ) | ORDER REMANDING ACTION TO STATE COURT |
| | ) | |
| v. | ) ) | ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT AS MOOT |
| KEITH A. KRAEMER, et. al., | ) ) | (Doc. 2). |
| | ) | |
| | ) | |
| Defendants. | ) ) | |

Defendant Keith A. Kraemer ("Defendant"), proceeding pro se, removed this action from the Fresno County Superior Court on April 5, 2012.[1]  Defendant also filed a motion for more definite statement.  Doc. 2.

The underlying complaint is an unlawful detainer action filed by Plaintiff Union Bank N.A. on March 23, 2012, in Fresno County Superior Court.

## DISCUSSION

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint.  An action may be removed by the defendant to federal court on the basis of diversity jurisdiction.  28 U.S.C. § 1441.  District courts have

---

[1] Defendant Keith A. Kraemer avers that all defendants consent to this removal action.  Defendant Kristin C. Kraemer is the only other named defendant in this action.  There is no indication of her consent.

diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  As provided by the Ninth Circuit, "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir.2002).  Accordingly, the Court finds it appropriate to determine whether jurisdiction exists.

Removal statutes are strictly construed against removal and place the burden on defendant to demonstrate that removal was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal means that the defendant always has the burden of establishing that removal is proper.").  For removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332(a).  "[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied."  Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir.1997) (quoting Gaus, 980 F.2d at 567).

Here, Plaintiff does not claim damages in excess of the jurisdictional amount.  Plaintiff's unlawful detainer action was filed as a "Limited" civil case in which the amount demanded was $10,000 or less.  The Complaint for Unlawful Detainer states that the amount of damages claimed in the action does not exceed $10,000.00, and the relief requested is limited to restitution of the property, damages of $50.00 per day from March 20, 2012, for each day the Defendants continue in possession of the property and costs of suit.  Doc. 1, p. 7, ¶ 1.c. and p. 9, ¶¶ 1-3.

As Plaintiff does not claim damages in excess of $75,000, Defendant has the burden of showing that more than $75,000 is in controversy.  In the notice of removal, Defendant claims, without any factual support, that the action exceeds the jurisdictional amount of $75,000 based

on the value of possession of the residential dwelling.  Defendant also claims that the rental value should be equated to a lump sum.  Notice of Removal, ¶ 8-9.  Defendant provides no facts whatsoever to show either that the value of the dwelling exceeds $75,000 or that the rental value while Defendants remain in possession exceeds $75,000.  Accordingly, Defendant has failed to establish the jurisdictional amount.

Based on the above, Defendant has failed to show that removal is proper and therefore this Court lacks subject matter jurisdiction.  As the Court lacks subject matter jurisdiction, Defendant's pending motion for more definite statement is moot.  Doc. 2.

## **ORDER**

The Court ORDERS that this action be REMANDED to Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **April 9, 2012**                    /s/ **Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE